# EXHIBIT 5

```
 1              UNITED STATES DISTRICT COURT
            EASTERN DISTRICT OF NORTH CAROLINA
 2                   SOUTHERN DIVISION

 3

 4   UNITED STATES OF AMERICA,-    Docket No. 7:20-cr-79-FL-1
                              -
 5      Plaintiff,            -    New Bern, North Carolina
                              -    January 7, 2022
 6          v.                -    Arraignment
                              -
 7   BENNIE LEE JAMES,        -
                              -
 8      Defendant.            -
     -------------------------------
 9
              TRANSCRIPT OF ARRAIGNMENT HEARING
10        BEFORE THE HONORABLE LOUISE WOOD FLANAGAN
              UNITED STATES DISTRICT JUDGE.
11
     APPEARANCES:
12
     For the Plaintiffs:  United States Attorneys' Office
13                        By: Laura S. Howard
                          150 Fayetteville Street, Suite 2100
14                        Raleigh, NC 27601
                          (919) 856-4500
15
     For the Defendant:   Ellis & Winters, LLP
16                        By: Paul K. Sun, Jr.
                             Kelly Margolis Dagger
17                        PO Box 33550
                          Raleigh, NC 27636-3550
18                        (919) 865-7000

19   Court Reporter:      Tracy L. McGurk, RMR, CRR
                          413 Middle St.
20                        New Bern, NC 28560
                          (419) 392-6626
21

22

23   Proceedings recorded by mechanical stenography,
     transcript produced by notereading.
24

25
```

|  | 1 | (Commenced at 10:57 a.m.) |
|---|---|---|
|  | 2 | THE COURT: Good morning. We labor still |
| 00:00:01 | 3 | with masks on our faces to speak and be understood. I |
| 00:00:10 | 4 | would ask counsel and all those who have occasion to |
| 00:00:13 | 5 | speak directly with the Court just to stay seated with |
| 00:00:15 | 6 | the microphone front and center, and there should be no |
| 00:00:18 | 7 | issue. And if there is, let met know, and we'll fix it. |
| 00:00:26 | 8 | Good morning, Mr. James. |
| 00:00:28 | 9 | THE DEFENDANT: Good morning, Judge |
| 00:00:29 | 10 | Flanagan. |
| 00:00:29 | 11 | THE COURT: You're here today for an initial |
| 00:00:31 | 12 | appearance on a new charging document. |
| 00:00:33 | 13 | Mr. Sun, has your client had a chance to |
| 00:00:36 | 14 | take a look at that? |
| 00:00:38 | 15 | MR. SUN: Yes, Your Honor. |
| 00:00:39 | 16 | THE COURT: All right. Good. Would he like |
| 00:00:44 | 17 | it read to him or just summarized? What would be his |
| 00:00:48 | 18 | preference? |
| 00:00:49 | 19 | MR. SUN: I think, Your Honor, if the Court |
| 00:00:51 | 20 | would please read the charges. |
| 00:00:53 | 21 | THE COURT: I know Ms. Howard would be happy |
| 00:00:56 | 22 | to. |
| 00:00:56 | 23 | MS. HOWARD: Yes, Your Honor. The |
| 00:00:57 | 24 | superseding indictment that's found at docket entry 123 |
| 00:01:02 | 25 | charges the defendant, Bennie Lee James, with the |

| | | |
|---|---|---|
| 00:01:04 | 1 | following counts: |
| 00:01:05 | 2 | Count One reads:  Beginning in or about 2016 |
| 00:01:09 | 3 | and continuing up to in or around September 2018, in the |
| 00:01:14 | 4 | Eastern District of North Carolina, the defendant, |
| 00:01:15 | 5 | Bennie Lee James, did knowingly and intentionally |
| 00:01:18 | 6 | combine, conspire, confederate and agree and have a |
| 00:01:22 | 7 | tacit understanding with Alexander Mootoo, also known as |
| 00:01:27 | 8 | "Rich," not a defendant in this count, and other |
| 00:01:29 | 9 | persons, known and unknown to the Grand Jury, to |
| 00:01:31 | 10 | knowingly and intentionally distribute and possess with |
| 00:01:33 | 11 | the intent to distribute 1,000 grams or more of a |
| 00:01:35 | 12 | mixture and substance containing a detectable amount of |
| 00:01:39 | 13 | heroin, a Schedule I controlled substance, 40 grams or |
| 00:01:42 | 14 | more of a mixture and substance containing a detectible |
| 00:01:47 | 15 | amount of fentanyl, a Schedule II controlled substance, |
| 00:01:49 | 16 | and a quantity of cocaine, a Schedule II controlled |
| 00:01:52 | 17 | substance, in violation of Title 21, United States Code, |
| 00:01:55 | 18 | Section 841(a). |
| 00:01:56 | 19 | And that's alleged all to be in violation of |
| 00:01:58 | 20 | Title 21, United States Code, Section 846. |
| 00:02:01 | 21 | Count Two alleges that:  On or about May 29, |
| 00:02:04 | 22 | 2018, in the Eastern District of North Carolina, the |
| 00:02:07 | 23 | defendant, Bennie Lee James, aiding and abetting |
| 00:02:10 | 24 | another, did knowingly and intentionally distribute a |
| 00:02:12 | 25 | quantity of a mixture and substance containing a |

00:02:15  1    detectible amount of heroin, a Schedule I controlled

00:02:20  2    substance, and fentanyl, a Schedule II controlled

00:02:24  3    substance, in violation of Title 21, United States Code,

00:02:26  4    Section 841(a)(1) and Title 18, United States Code,

00:02:28  5    Section 2.

00:02:29  6              Count Three alleges that on or about June 6

00:02:33  7    of 2018, in the Eastern District of North Carolina, the

00:02:35  8    defendant, Bennie Lee James, did knowingly and

00:02:38  9    intentionally distribute a quantity of a mixture and

00:02:41  10   substance containing a detectable amount of heroin, a

00:02:44  11   Schedule I controlled substance, and fentanyl, a

00:02:46  12   Schedule II controlled substance, in violation of Title

00:02:49  13   21, United States Code, Section 841(a)(1).

00:02:53  14             Count Four alleges that:  On or about June

00:02:56  15   7, 2018, in the Eastern District of North Carolina, the

00:02:58  16   defendant, Bennie Lee James, aiding and abetting

00:03:02  17   another, did knowingly and intentionally distribute a

00:03:04  18   quantity of a mixture and substance containing a

00:03:07  19   detectable amount of heroin, a Schedule I controlled

00:03:09  20   substance, and fentanyl, a Schedule II controlled

00:03:11  21   substance, in violation of Title 21, United States Code,

00:03:15  22   Section 841(a)(1) and Title 18, United States Code,

00:03:19  23   Section 2.

00:03:20  24             Count Five alleges that:  On or about July

00:03:23  25   27th of 2018, in the Eastern District of North Carolina,

| | | |
|---|---|---|
| 00:03:26 | 1 | the defendant, Bennie Lee James, aiding and abetting |
| 00:03:29 | 2 | another, did knowingly and intentionally distribute a |
| 00:03:32 | 3 | quantity of a mixture and substance containing a |
| 00:03:34 | 4 | detectable amount of heroin, a Schedule I controlled |
| 00:03:37 | 5 | substance, and fentanyl, a Schedule II controlled |
| 00:03:39 | 6 | substance, in violation of Title 21, United States Code, |
| 00:03:42 | 7 | Section 841(a)(1) and Title 18, United States Code, |
| 00:03:46 | 8 | Section 2. |
| 00:03:47 | 9 | And then finally, Count Six alleges that: |
| 00:03:49 | 10 | On or about August 2, 2018, in the Eastern District of |
| 00:03:52 | 11 | North Carolina, the defendant, Bennie Lee James, aiding |
| 00:03:56 | 12 | and abetting another, did knowingly and intentionally |
| 00:03:58 | 13 | distribute a quantity of a mixture and substance |
| 00:04:00 | 14 | containing a detectable amount of heroin, a Schedule I |
| 00:04:04 | 15 | controlled substance, and fentanyl, a Schedule II |
| 00:04:06 | 16 | controlled substance, in violation of Title 21, United |
| 00:04:09 | 17 | States Code, Section 841(a)(1) and Title 18, United |
| 00:04:14 | 18 | States Code, Section 2. |
| 00:04:15 | 19 | And there is a forfeiture notice attached to |
| 00:04:18 | 20 | the end of the indictment. |
| 00:04:19 | 21 | THE COURT:  Thank you very much.  And would |
| 00:04:21 | 22 | you kindly read into the record the penalties associated |
| 00:04:27 | 23 | with these counts. |
| 00:04:29 | 24 | MS. HOWARD:  Yes, Your Honor.  As to Count |
| 00:04:31 | 25 | One, Mr. James faces the following penalties: Not less |

00:04:34  1  than ten years and up to life imprisonment, up to a

00:04:38  2  $10 million fine, or both such fine and imprisonment,

00:04:41  3  not less than five years and up to life of supervised

00:04:44  4  release, upon revocation of supervised release not more

00:04:48  5  than five years of additional imprisonment, a $100

00:04:52  6  special assessment, and restitution if applicable.

00:04:54  7          As to the remainder of the charges, Counts

00:04:59  8  Two, Three, Four, Five, and Six, as to each of those

00:05:00  9  counts, he faces the penalties not more than 20 years

00:05:03  10  imprisonment, up to a $1 million fine, or both such fine

00:05:06  11  and imprisonment, not less than three years and up to

00:05:09  12  life of supervised release, upon revocation of

00:05:11  13  supervised release not more than two years of additional

00:05:14  14  imprisonment, a $100 special assessment, and restitution

00:05:17  15  if applicable.

00:05:26  16          THE COURT:  So that covers Count Three as

00:05:28  17  well.  Okay.

00:05:30  18          Well, would the clerk administer the oath to

00:05:34  19  Mr. James so I can make sure your answers are under oath

00:05:39  20  to the questions I'm going to ask you.

00:05:43  21          THE CLERK:  Mr. James, if you'll please

00:05:44  22  raise your right hand.

00:05:45  23          Do you affirm under the pains and penalties

00:05:45  24  of perjury that the answers you give to the questions

00:05:45  25  propounded to you by this Court will be the truth, the

| | | |
|---|---|---|
| 00:05:45 | 1 | whole truth, and nothing but the truth? |
| 00:06:00 | 2 | THE DEFENDANT: Yes. Whatever the record |
| 00:06:02 | 3 | reflects. |
| 00:06:04 | 4 | THE COURT: Thank you. So you've got a |
| 00:06:10 | 5 | number of rights: You've got the right to remain |
| 00:06:14 | 6 | silent, and you've got the right to a trial. I just |
| 00:06:24 | 7 | need to make sure you understand the rights that you |
| 00:06:28 | 8 | have going forward. |
| 00:06:33 | 9 | So the penalty changed a bit. You're now |
| 00:06:38 | 10 | subject to a mandatory minimum as to Count One. |
| 00:06:46 | 11 | As to all of these counts, of course you |
| 00:06:48 | 12 | have the right to plead not guilty and to persist in |
| 00:06:51 | 13 | that plea. And the burden remains on the shoulders of |
| 00:06:56 | 14 | the United States to prove you guilty beyond a |
| 00:07:03 | 15 | reasonable doubt. And the way the government goes about |
| 00:07:07 | 16 | its case is by calling witnesses who come into the |
| 00:07:10 | 17 | courtroom and testify; and you've got the right to ask |
| 00:07:13 | 18 | those people questions too. You've got the right to |
| 00:07:17 | 19 | call witnesses into the courtroom to give testimony in |
| 00:07:24 | 20 | support of your defense. And you've got the right to |
| 00:07:27 | 21 | testify if you want to. You don't have to, though, |
| 00:07:31 | 22 | because you've got that right to remain silent. And if |
| 00:07:35 | 23 | you do decide to talk, whatever you say may be used |
| 00:07:40 | 24 | against you. |
| 00:07:43 | 25 | Now, this case was all set up to go to |

| | | |
|---|---|---|
| 00:07:47 | 1 | trial, as I recall.  We had a trial date certain, didn't |
| 00:07:50 | 2 | we? |
| 00:07:50 | 3 | MS. HOWARD:  We did. |
| 00:07:51 | 4 | THE COURT:  When was that? |
| 00:07:52 | 5 | MS. HOWARD:  It was scheduled for mid |
| 00:07:54 | 6 | December. |
| 00:07:56 | 7 | THE COURT:  Okay.  And then we had the COVID |
| 00:07:58 | 8 | issues or lack thereof, or whatever they were, that |
| 00:08:02 | 9 | warranted a continuance?  Is my recollection correct on |
| 00:08:07 | 10 | that? |
| 00:08:07 | 11 | MS. HOWARD:  The trial got continued, |
| 00:08:09 | 12 | actually, in light of the removal of prior counsel after |
| 00:08:15 | 13 | there was some -- |
| 00:08:18 | 14 | THE COURT:  Right.  I got you a new lawyer. |
| 00:08:21 | 15 | You sent me that package of information, and, you know, |
| 00:08:24 | 16 | some of it was just totally irrelevant, like your |
| 00:08:29 | 17 | attempt to argue now that you're a member of the Moorish |
| 00:08:34 | 18 | Science Temple religion and you're not subject to the |
| 00:08:38 | 19 | jurisdiction of this Court.  But buried in that package |
| 00:08:42 | 20 | was that letter, or part of a letter that you had |
| 00:08:45 | 21 | complained about receiving from that former lawyer which |
| 00:08:50 | 22 | made race an issue where it shouldn't have been.  And |
| 00:08:56 | 23 | you indicated that you were scared of her because she |
| 00:09:01 | 24 | had told you you were coming down to a court where all |
| 00:09:05 | 25 | the judges are white and conservative, and that this |

| | | |
|---|---|---|
| 00:09:10 | 1 | state had voted out black judges and Trump had |
| 00:09:17 | 2 | prevailed.  And I frankly was very, very concerned about |
| 00:09:21 | 3 | that. |
| 00:09:23 | 4 | THE DEFENDANT:  At me? |
| 00:09:29 | 5 | THE COURT:  No, at your lawyer. |
| 00:09:31 | 6 | THE DEFENDANT:  I'm sorry. |
| 00:09:33 | 7 | THE COURT:  I was very concerned about that. |
| 00:09:35 | 8 | You had told me you were concerned about it, and I was |
| 00:09:37 | 9 | concerned about it when I read that letter.  So I gave |
| 00:09:40 | 10 | you a new lawyer, obviously.  And I guess this is the |
| 00:09:43 | 11 | first time you've met with them? |
| 00:09:45 | 12 | THE DEFENDANT:  Ma'am?  I can't hear you |
| 00:09:47 | 13 | good, Ms. Flanagan. |
| 00:09:49 | 14 | THE COURT:  Let's give him an assisted |
| 00:09:51 | 15 | listening device. |
| 00:09:53 | 16 | THE DEFENDANT:  I really appreciate you, |
| 00:09:55 | 17 | Judge Flanagan, for your trying to keep the world -- |
| 00:10:00 | 18 | make the world how it's supposed to be. |
| 00:10:02 | 19 | THE COURT:  You're welcome.  And you need to |
| 00:10:03 | 20 | work with these lawyers. |
| 00:10:04 | 21 | THE DEFENDANT:  Yes, ma'am.  We're getting |
| 00:10:07 | 22 | along.  We're starting out the right way.  We're |
| 00:10:10 | 23 | learning each other. |
| 00:10:11 | 24 | THE COURT:  You need to listen to them. |
| 00:10:13 | 25 | THE DEFENDANT:  Yes, ma'am; I will. |

| | | |
|---|---|---|
| 00:10:13 | 1 | THE COURT:  And I'm confident they will |
| 00:10:16 | 2 | listen to you. |
| 00:10:17 | 3 | THE DEFENDANT:  Yes, ma'am. |
| 00:10:22 | 4 | (Discussion had off the record regarding |
| 00:10:25 | 5 | assisted listening device.) |
| 00:10:59 | 6 | THE DEFENDANT:  I hear you.  Thank you, |
| 00:11:01 | 7 | Judge Flanagan.  I can hear you. |
| 00:11:02 | 8 | THE COURT:  And I hope you heard Ms. Howard |
| 00:11:04 | 9 | too.  Did you? |
| 00:11:06 | 10 | THE DEFENDANT:  Yes, ma'am. |
| 00:11:07 | 11 | THE COURT:  Good.  So the Constitution and |
| 00:11:11 | 12 | laws of this country, as you know, give you the right to |
| 00:11:15 | 13 | be tried by a jury.  At a jury trial you're presumed |
| 00:11:19 | 14 | innocent.  I've explained the burden is on the shoulders |
| 00:11:22 | 15 | of the government to prove you guilty beyond a |
| 00:11:24 | 16 | reasonable doubt and how the government goes about its |
| 00:11:26 | 17 | case, by calling witnesses.  And you've got the right to |
| 00:11:30 | 18 | call witnesses, cross-examine theirs, and take the stand |
| 00:11:34 | 19 | if you want to, but you don't have to. |
| 00:11:36 | 20 | If you decide you're not going to testify, I |
| 00:11:40 | 21 | look at that jury and I tell them:  No suspicion of this |
| 00:11:43 | 22 | man's guilt is allowed to be drawn from his decision to |
| 00:11:46 | 23 | remain silent. |
| 00:11:47 | 24 | Now, I don't know if you're a citizen of the |
| 00:11:49 | 25 | United States, but if you're not, you need to understand |

| 00:11:52 | 1 | that a plea of guilty to any felony offense or offenses |
| 00:11:55 | 2 | may result in your deportation or otherwise adversely |
| 00:11:59 | 3 | affect your immigration status. |
| 00:12:02 | 4 | So a very serious matter. |
| 00:12:07 | 5 | And again, you've got the right to a jury |
| 00:12:11 | 6 | trial.  The burden is on the shoulders of the |
| 00:12:13 | 7 | government.  And it's got to bear that burden the |
| 00:12:18 | 8 | entirety of the case to prove you guilty beyond a |
| 00:12:21 | 9 | reasonable doubt. |
| 00:12:21 | 10 | Now, have you taken any medicine or drunk |
| 00:12:24 | 11 | any alcohol in the last couple of days that would make |
| 00:12:27 | 12 | it hard for you to hear me? |
| 00:12:31 | 13 | THE DEFENDANT:  No, ma'am, Judge Flanagan. |
| 00:12:33 | 14 | THE COURT:  Okay. |
| 00:12:35 | 15 | THE DEFENDANT:  My hearing is a little bad. |
| 00:12:37 | 16 | THE COURT:  We've got that covered now? |
| 00:12:39 | 17 | THE DEFENDANT:  Yes, ma'am.  I thank you. |
| 00:12:41 | 18 | THE COURT:  And we'll make sure you have |
| 00:12:43 | 19 | that device all throughout the court proceedings to |
| 00:12:47 | 20 | follow. |
| 00:12:50 | 21 | I can't imagine that you've got any reason, |
| 00:12:56 | 22 | Mr. Sun, to doubt your client's competency to enter a |
| 00:12:59 | 23 | plea; do you? |
| 00:13:00 | 24 | MR. SUN:  I do not, Your Honor.  Thank you. |
| 00:13:03 | 25 | THE COURT:  I don't have any doubt. |

| | | |
|---|---|---|
| 00:13:06 | 1 | You understand what you're charged with, |
| 00:13:08 | 2 | right? |
| 00:13:09 | 3 | THE DEFENDANT:  Yes, ma'am. |
| 00:13:10 | 4 | THE COURT:  You understand the possible |
| 00:13:11 | 5 | penalties too? |
| 00:13:14 | 6 | THE DEFENDANT:  Yes, Ms. Judge Flanagan. |
| 00:13:19 | 7 | THE COURT:  Okay.  And you're satisfied with |
| 00:13:23 | 8 | these lawyers, right? |
| 00:13:26 | 9 | THE DEFENDANT:  Yes, ma'am.  I'm satisfied |
| 00:13:28 | 10 | with them. |
| 00:13:30 | 11 | THE COURT:  Good.  All right. |
| 00:13:31 | 12 | Well, how do you wish to plead? |
| 00:13:33 | 13 | THE DEFENDANT:  Not guilty. |
| 00:13:34 | 14 | THE COURT:  Not guilty plea is noted.  Okay. |
| 00:13:37 | 15 | Is there anything else the government would like me to |
| 00:13:40 | 16 | cover before we move on? |
| 00:13:42 | 17 | MS. HOWARD:  No, Your Honor. |
| 00:13:43 | 18 | THE COURT:  Mr. Sun, is there anything else |
| 00:13:44 | 19 | you think I should cover before we move on? |
| 00:13:46 | 20 | MR. SUN:  No, Your Honor.  Thank you. |
| 00:13:47 | 21 | THE COURT:  Okay.  So, Ms. Howard, how long |
| 00:13:51 | 22 | do you think this case is going to take to try? |
| 00:13:55 | 23 | MS. HOWARD:  Your Honor, I think the |
| 00:13:56 | 24 | government's case in chief would take no more than two |
| 00:13:59 | 25 | days of testimony.  But given the length of jury |

| | | |
|---|---|---|
| 00:14:04 | 1 | selection, it may be wise to schedule three full days of |
| 00:14:07 | 2 | court time. |
| 00:14:08 | 3 | THE COURT: Okay. Mr. Sun, do you have any |
| 00:14:12 | 4 | thoughts on that? |
| 00:14:13 | 5 | MR. SUN: That seems reasonable to the |
| 00:14:14 | 6 | defense, Your Honor. Thank you. |
| 00:14:17 | 7 | THE COURT: So as I recall, the Speedy Trial |
| 00:14:20 | 8 | time, perhaps it's sometime in February, maybe February |
| 00:14:30 | 9 | 9th? Is that what the clerk thinks now? |
| 00:14:35 | 10 | THE CLERK: Just one moment, Judge. |
| 00:14:38 | 11 | THE COURT: We'll check that. |
| 00:15:04 | 12 | THE CLERK: Speedy Trial expires February |
| 00:15:07 | 13 | 7th. |
| 00:15:09 | 14 | THE COURT: That was as of January 5th. So |
| 00:15:12 | 15 | I'm thinking we add two days to that. But out of an |
| 00:15:22 | 16 | abundance of caution, why don't we just go forward, and |
| 00:15:25 | 17 | we'll talk about a February 7th deadline. But the clerk |
| 00:15:27 | 18 | is going to double check that one. |
| 00:15:30 | 19 | How much time do you need, Mr. Sun? You're |
| 00:15:34 | 20 | pretty new to the case. How much time do you need |
| 00:15:37 | 21 | reasonably to prepare for trial? |
| 00:15:41 | 22 | MR. SUN: Your Honor, we would be prepared |
| 00:15:43 | 23 | within the Speedy Trial time. |
| 00:15:45 | 24 | THE COURT: Okay. |
| 00:15:47 | 25 | MS. HOWARD: Your Honor, I do want to note |

00:15:49  1   for the Court's knowledge, I am actually going to be

00:15:53  2   leaving the U.S. Attorney's Office at the end of next

00:15:55  3   week.  I did make defense counsel aware.  And so I would

00:16:00  4   ask, just with understanding of the Court's discretion,

00:16:04  5   that there will be another AUSA who will be assigned to

00:16:08  6   try the case.  Given that and Mr. Sun and Ms. Dagger's

00:16:13  7   recent appointment to the case, we would ask for a time

00:16:16  8   later than the February 7th deadline.

00:16:18  9            THE COURT:  How long has your boss known

00:16:23  10  that you were going to leave next week?

00:16:27  11           MS. HOWARD:  Just before Christmas.  With

00:16:28  12  the holidays there was some delay in being able to make

00:16:32  13  the necessary decisions.  I do anticipate in the next

00:16:35  14  business day or two a decision will be made as to who

00:16:38  15  will be handling the case in my absence.

00:16:40  16           THE COURT:  Okay.  So what are you asking

00:16:47  17  for?

00:16:47  18           MS. HOWARD:  I would ask more towards the

00:16:49  19  end of February.  I think that would still be a

00:16:52  20  reasonable amount of time and not too far of a delay

00:16:56  21  that would prejudice the defendant.

00:17:25  22           THE COURT:  What's the defendant's response

00:17:27  23  to that request for a continuance beyond February 7th?

00:18:00  24           (Discussion had off the record between the

00:18:05  25  Defendant and defense counsel.)

15

| | | |
|---|---|---|
| 00:18:05 | 1 | MR. SUN:  Your Honor, Mr. James would not |
| 00:18:07 | 2 | object to a further continuance in light of the request |
| 00:18:10 | 3 | from the government.  Thank you. |
| 00:18:28 | 4 | THE COURT:  Well, here's what I think works. |
| 00:18:38 | 5 | I have a trial beginning February 7th, and I have a |
| 00:18:43 | 6 | trial beginning February 22nd, and I have a trial |
| 00:18:47 | 7 | beginning February 28th.  So in February, the week would |
| 00:18:52 | 8 | be the 14th.  And I would have to move four days of |
| 00:18:57 | 9 | hearings, but this would take priority over that. |
| 00:19:05 | 10 | So, Mr. Sun, what's your week of February |
| 00:19:07 | 11 | 14th look like? |
| 00:19:09 | 12 | MR. SUN:  Your Honor, we checked before |
| 00:19:11 | 13 | coming before the Court, and we're available. |
| 00:19:13 | 14 | THE COURT:  Okay.  Great. |
| 00:19:20 | 15 | Ms. Howard, that isn't quite the end of |
| 00:19:25 | 16 | February, but it's the middle. |
| 00:19:28 | 17 | And Mr. Hulbig is right back there ready to |
| 00:19:30 | 18 | come up and take this case on, right? |
| 00:19:34 | 19 | MS. HOWARD:  I'm sure he is.  I'm sure he |
| 00:19:37 | 20 | is.  Your Honor, we appreciate the understanding, and we |
| 00:19:40 | 21 | understand you have a very busy schedule, and we will be |
| 00:19:42 | 22 | prepared to present the case. |
| 00:19:44 | 23 | THE COURT:  Okay.  Well, let's do this. |
| 00:20:03 | 24 | We'll start at 1:00 on Monday, February 14th. |
| 00:20:15 | 25 | Now, I'm assuming that that extra week is |

| | | |
|---|---|---|
| 00:20:19 | 1 | important to the government, that extra week after the |
| 00:20:24 | 2 | expiration of the Speedy Trial time, with regards to its |
| 00:20:27 | 3 | preparation.  If there was an issue, I could pick this |
| 00:20:35 | 4 | jury on the 7th, and we could start on the 14th.  But I |
| 00:20:39 | 5 | don't understand that to be the request of the |
| 00:20:41 | 6 | defendant. |
| 00:20:44 | 7 | MR. SUN:  Correct, Your Honor. |
| 00:20:45 | 8 | THE COURT:  So what we're going to do -- and |
| 00:20:48 | 9 | that would give the new counsel also another week, |
| 00:20:51 | 10 | though they have indicated they don't need it, so that's |
| 00:20:57 | 11 | really not the basis for this decision.  But with the |
| 00:20:59 | 12 | defendant's consent, upon the government's request, |
| 00:21:02 | 13 | we'll plug it in to start at 1:00 on the 14th. |
| 00:21:06 | 14 | So I'm asking the clerk now to move the 1:30 |
| 00:21:10 | 15 | revocation hearing to 10:00 a.m. that morning.  And |
| 00:21:17 | 16 | we'll have a conference among the parties at 1:00.  Then |
| 00:21:20 | 17 | at 1:30 we'll start picking the jury. |
| 00:21:24 | 18 | And so the government, you don't need to |
| 00:21:26 | 19 | have your first -- well, you know, have one witness in |
| 00:21:31 | 20 | the building on the 14th.  We won't get past one, but |
| 00:21:38 | 21 | have one.  So we'll get through picking a jury, opening |
| 00:21:41 | 22 | statements, and maybe the government will get its first |
| 00:21:44 | 23 | witness up. |
| 00:21:46 | 24 | There is an issue that this Court has with |
| 00:21:51 | 25 | regard to when we start on the 15th.  We're going to |

| | | |
|---|---|---|
| 00:21:55 | 1 | have to start at 10:30, just so you all know that.  And |
| 00:22:00 | 2 | then the sentencings that are scheduled that morning and |
| 00:22:03 | 3 | afternoon, we'll move them to another time.  The same |
| 00:22:06 | 4 | for the 16th, and the same for the 17th. |
| 00:22:17 | 5 | Okay.  So working backwards, I want your |
| 00:22:20 | 6 | jury instructions, please, if you want to send any |
| 00:22:22 | 7 | proposals, your voir dire, and I want the government's |
| 00:22:26 | 8 | proposed verdict form all by the 4th of February, |
| 00:22:33 | 9 | please. |
| 00:22:37 | 10 | MS. HOWARD:  And, Your Honor, we had |
| 00:22:38 | 11 | previously submitted -- |
| 00:22:39 | 12 | THE COURT:  You had. |
| 00:22:40 | 13 | MS. HOWARD:  I will say amended versions |
| 00:22:43 | 14 | will need to be filed in light of the superseding |
| 00:22:46 | 15 | indictment, but those will be minor to just the counts |
| 00:22:50 | 16 | specifically changed in the superseding indictment.  But |
| 00:22:53 | 17 | I anticipate that, if the Court would like to begin, |
| 00:22:56 | 18 | those are largely going to be the jury instructions and |
| 00:22:59 | 19 | voir dire required or requested. |
| 00:23:02 | 20 | THE COURT:  And your verdict form, maybe you |
| 00:23:04 | 21 | already filed that. |
| 00:23:05 | 22 | MS. HOWARD:  Yes, ma'am. |
| 00:23:06 | 23 | THE COURT:  Now, prior counsel filed |
| 00:23:08 | 24 | defendant's iteration before you all came on board.  So |
| 00:23:12 | 25 | if you want to supplement or just totally just give me |

| | | |
|---|---|---|
| 00:23:16 | 1 | something new, you've got until the 4th. |
| 00:23:24 | 2 | MR. SUN: Understood. Thank you, Your |
| 00:23:25 | 3 | Honor. |
| 00:23:29 | 4 | THE COURT: Now, I don't think there are any |
| 00:23:31 | 5 | motions pending, correct? |
| 00:23:33 | 6 | MS. HOWARD: There is the petition for |
| 00:23:35 | 7 | action on conditions of pretrial release that I think |
| 00:23:37 | 8 | needs to be addressed, Your Honor. |
| 00:23:39 | 9 | THE COURT: Yes, apparently there were some |
| 00:23:42 | 10 | problems finding Mr. James or Mr. James's coordinating |
| 00:23:48 | 11 | with his probation officer. |
| 00:23:53 | 12 | Has Mr. James seen that petition now? |
| 00:23:56 | 13 | MR. SUN: Yes, Your Honor. We met with him |
| 00:23:59 | 14 | downstairs, and I was able to read it to him. And |
| 00:24:02 | 15 | before Your Honor came in, he did get a chance to read |
| 00:24:04 | 16 | it himself. |
| 00:24:05 | 17 | THE COURT: Okay. Good. All right. What |
| 00:24:08 | 18 | says the government? |
| 00:24:09 | 19 | MS. HOWARD: Your Honor, we are requesting |
| 00:24:12 | 20 | that Mr. James be detained pending his trial, especially |
| 00:24:16 | 21 | given that it's not that long before the trial is |
| 00:24:19 | 22 | scheduled to take place. |
| 00:24:22 | 23 | The Court is well aware that Mr. James has |
| 00:24:24 | 24 | had numerous violations of his conditions of pretrial |
| 00:24:27 | 25 | release. It's been presented to the Court, both to |

00:24:30  1   Magistrate Judge Jones as well as to Your Honor in our

00:24:33  2   previous pretrial conference.  His previous violations

00:24:38  3   mainly have to deal with him not abiding by his

00:24:41  4   conditions of home arrest and location monitoring.

00:24:45  5         As the petition for action sets out, as the

00:24:50  6   Court knows, Mr. James is on pretrial release up in the

00:24:54  7   Southern District of New York, and he has frequently,

00:24:57  8   according to his probation officer up there, left

00:25:00  9   without permission, not provided verification of his

00:25:04  10  whereabouts.  He allowed his monitor battery to run low.

00:25:08  11  In fact, on December 18th he was found to be tampering

00:25:11  12  with the strap of the tracker.  Then, by my count, on

00:25:14  13  six different occasions during December 18 through

00:25:17  14  January 3rd was found, according to his GPS monitoring,

00:25:22  15  to be leaving his residence without permission.  Then

00:25:25  16  finally on the 3rd he did leave his residence, did not

00:25:28  17  return, and would not respond to the probation officer

00:25:30  18  by telephone.

00:25:32  19        I know that obviously he has now come down

00:25:36  20  for this hearing where he was taken into custody, but I

00:25:40  21  also have the probation officer here in North Carolina

00:25:42  22  who is overseeing his pretrial release who can provide

00:25:46  23  some additional details about his failures.

00:25:49  24        THE COURT:  Well, I would like to hear from

00:25:51  25  her.  And one of the questions I've got is: Did he ever

| | | |
|---|---|---|
| 00:25:55 | 1 | ask for permission up in New York from his probation |
| 00:25:57 | 2 | officer to come down here?  In other words, did he ever |
| 00:26:00 | 3 | connect with her after January 3rd, and today being the |
| 00:26:04 | 4 | 7th? |
| 00:26:05 | 5 |     THE PROBATION OFFICER:  Thank you, Your |
| 00:26:06 | 6 | Honor.  I did speak with Officer Cosme in New York, and |
| 00:26:09 | 7 | the defendant ultimately made contact with her on the |
| 00:26:12 | 8 | 5th, so two days later, by telephone.  He did keep his |
| 00:26:19 | 9 | GPS monitor charged, so they were able to see where he |
| 00:26:23 | 10 | was.  But he would not respond by telephone or get in |
| 00:26:28 | 11 | contact for two days.  So when finally he did make |
| 00:26:32 | 12 | contact, he was instructed to make sure he appeared in |
| 00:26:37 | 13 | court today.  But he was to get back in touch with his |
| 00:26:40 | 14 | officer to make arrangements for how he was going to do |
| 00:26:43 | 15 | that, but he failed to do so. |
| 00:26:46 | 16 |     I spoke with him myself yesterday after |
| 00:26:50 | 17 | getting a message from Officer Cosme that he was in |
| 00:26:55 | 18 | Charlotte, North Carolina, and with a telephone number. |
| 00:26:57 | 19 |     I called and spoke with his brother, who put |
| 00:26:59 | 20 | him on the phone.  And he was directed to let me know |
| 00:27:02 | 21 | where he was going to be staying last night and what his |
| 00:27:05 | 22 | plans were.  He had told me he was going to Raleigh, |
| 00:27:08 | 23 | then coming here.  He never got back in contact with me. |
| 00:27:11 | 24 |     I called his brother about 9:00 p.m. last |
| 00:27:14 | 25 | night and asked to speak with him.  He was not with him. |

00:27:17  1  All I could do was check the GPS.  It verified he was

00:27:21  2  still in Charlotte.  Then I never heard from him.

00:27:24  3          So I just kind of tracked him throughout the

00:27:26  4  night, because in our district -- it's a little bit

00:27:28  5  different by district, but because the warrant was

00:27:31  6  issued, they closed interest in his case in New York and

00:27:34  7  transferred it to me.  So if we have any violations of

00:27:39  8  GPS monitoring, we're required to basically set eyes on

00:27:42  9  the defendant.  And so because I couldn't do that, I

00:27:45  10  just tracked him all night to make sure that he was

00:27:48  11  still kind of in that vicinity.  Then I was able to see

00:27:51  12  him travelling down to court today.

00:27:53  13          But, no, I never got a response from him.

00:27:55  14  So he did -- he was told to come to court today, but

00:28:02  15  because he's in home incarceration, we have very strict

00:28:06  16  rules about how he's supposed to that.  He was not in

00:28:09  17  contact with his officer in New York or with me, as he

00:28:11  18  was directed to be.  That was kind of after two days of

00:28:14  19  no contact at all.

00:28:15  20          That's kind of an update.  I don't know if

00:28:18  21  you want more detail than that.

00:28:19  22          THE COURT:  Thank you.

00:28:20  23          What says the defendant?

00:28:24  24          MR. SUN:  Your Honor, Mr. James is prepared,

00:28:27  25  I think, to address some of the factual details.   I

| | | |
|---|---|---|
| 00:28:29 | 1 | would only highlight for the Court's consideration, |
| 00:28:32 | 2 | again, Mr. James has presented in a timely fashion |
| 00:28:35 | 3 | before this Court as scheduled.  And as I say, I think |
| 00:28:39 | 4 | Mr. James is in a better position to address the details |
| 00:28:42 | 5 | of his alleged violations. |
| 00:28:45 | 6 | THE COURT:  Well, the government moved at |
| 00:28:48 | 7 | the last hearing for his detention because of problems |
| 00:28:54 | 8 | similar, but not as egregious as what's been presented |
| 00:28:59 | 9 | here today and memorialized in this petition.  And I did |
| 00:29:04 | 10 | deny the motion, but I took the occasion to speak |
| 00:29:10 | 11 | somewhat directly to Mr. James to explain that he had to |
| 00:29:16 | 12 | follow the probation officer's directions and this |
| 00:29:20 | 13 | Court's to the letter.  So all of what's unfolded that's |
| 00:29:26 | 14 | now before me is conduct undertaken after that last |
| 00:29:35 | 15 | hearing and my admonitions to him. |
| 00:29:38 | 16 | Ms. Howard, is that your recollection? |
| 00:29:40 | 17 | MS. HOWARD:  That's correct.  In fact, |
| 00:29:42 | 18 | Magistrate Judge Jones, when the previous hearing was |
| 00:29:45 | 19 | held, gave very similar admonitions and said, you know, |
| 00:29:49 | 20 | these are very serious obligations.  And he continued to |
| 00:29:53 | 21 | violate them.  The Court gave similar admonitions again. |
| 00:29:58 | 22 | He's continuing to violate. |
| 00:30:00 | 23 | Your Honor, I think it's the cumulative |
| 00:30:02 | 24 | nature of this.  It's not one instance that maybe can be |
| 00:30:05 | 25 | explained by some fluke accident.  The problem is this |

23

00:30:08  1    has been a repeated pattern over nearly the entire time.

00:30:12  2              In addition to that, Your Honor, there has

00:30:14  3    been a lot of filings by the defendant about potential

00:30:18  4    COVID exposure, some of which has turned positive, some

00:30:22  5    of which has not.

00:30:23  6              The government's concern is that Mr. James

00:30:25  7    is not taking this seriously, that he is attempting to

00:30:29  8    manipulate the system, manipulate the Court's time.  And

00:30:32  9    I have serious concerns -- although he has shown up for

00:30:36  10   court today, I have serious concerns, given his complete

00:30:40  11   absence of communication with the probation office for

00:30:43  12   periods of days, that he will, in fact, show up again

00:30:46  13   for the trial, which obviously carries a lot more weight

00:30:49  14   to it at that time.

00:30:50  15             THE COURT:  Mr. James certainly didn't help

00:30:53  16   himself when he sent that documentation purporting to

00:31:00  17   institute a lawsuit of some type in North Carolina

00:31:06  18   courts complaining of this prosecution.  Has that been

00:31:12  19   unsealed now?  It really never should have been, but it

00:31:16  20   just sort of got sealed.  Have you seen that?

00:31:18  21             MS. HOWARD:  Yes.  It was ordered unsealed.

00:31:20  22             THE COURT:  Okay.  And I don't know if

00:31:21  23   you've had a chance to look at that, Mr. Sun.

00:31:25  24             MR. SUN:  I have not, Your Honor.

00:31:26  25             THE COURT:  I've also told him to stop

24

| | | |
|---|---|---|
| 00:31:28 | 1 | writing me. |
| 00:31:31 | 2 | But anyway, I'm going to detain you because |
| 00:31:38 | 3 | of all of what we've talked about.  You don't seem to |
| 00:31:42 | 4 | think this Court now has authority over you, based on |
| 00:31:45 | 5 | the propaganda from the Moorish Science Temple that you |
| 00:31:50 | 6 | sent me.  You don't seem to think that you need to |
| 00:31:53 | 7 | follow the directions of the probation office as given |
| 00:31:56 | 8 | to the officer by this Court.  And I find your |
| 00:32:11 | 9 | violations clear, and I'm convinced.  And I can't do |
| 00:32:17 | 10 | anything more than what I did before, putting you on |
| 00:32:21 | 11 | home lockdown, to assure that you would show up.  And |
| 00:32:27 | 12 | with the propensities that you're demonstrating, I've |
| 00:32:36 | 13 | run out of tools.  And then when you throw the Moorish |
| 00:32:40 | 14 | Science Temple adherence into that, it's very clear.  So |
| 00:32:46 | 15 | we're going to keep you in custody, over your deep and |
| 00:32:50 | 16 | abiding objection, until we get this trial over and done |
| 00:32:57 | 17 | with. |
| 00:32:59 | 18 | Anything from defendant's perspective? |
| 00:33:05 | 19 | THE DEFENDANT:  Nothing, ma'am. |
| 00:33:06 | 20 | MR. SUN:  Your Honor, Mr. James, I think, |
| 00:33:08 | 21 | wants to address the Court. |
| 00:33:10 | 22 | THE DEFENDANT:  Sorry, Judge Flanagan.  As |
| 00:33:12 | 23 | you know, I've been going through this case for a year |
| 00:33:15 | 24 | and a half.  All of those violations that we have on |
| 00:33:18 | 25 | paper, those are all violations inside of my residence |

| | | |
|---|---|---|
| 00:33:23 | 1 | because of the way that they hooked up the connection to |
| 00:33:25 | 2 | the box.  I couldn't even take a shower at one time |
| 00:33:28 | 3 | because they had it rigged -- set the box.  And they |
| 00:33:32 | 4 | give me three minutes to go to the trash can.  I live in |
| 00:33:36 | 5 | a three-level house.  I never violated no conditions to |
| 00:33:38 | 6 | my probation.  And my probation officer, me and her -- I |
| 00:33:43 | 7 | don't have a phone, Ms. Flanagan, by the way.  That's |
| 00:33:46 | 8 | why all the -- me and her wasn't in contact.  I don't |
| 00:33:48 | 9 | have a phone.  So that's why I had to wait and catch |
| 00:33:54 | 10 | somebody on the street, to get a phone to call my P.O. |
| 00:33:57 | 11 | And I kept in contact with both of them always.   I'm |
| 00:34:00 | 12 | always at your court ahead of time, like you told me |
| 00:34:02 | 13 | from day one:  Mr. James, be in my courtroom.   I'm |
| 00:34:06 | 14 | always here.  I never absconded.  I even borrowed money. |
| 00:34:09 | 15 | I've been in the house for 14 days.  My |
| 00:34:11 | 16 | whole family is sick with COVID.  And as you say -- I |
| 00:34:14 | 17 | sent you the paper.  I still break my neck to come to |
| 00:34:17 | 18 | court.  I never missed.  I'm not running never from no |
| 00:34:21 | 19 | situation. |
| 00:34:21 | 20 | I've got a 14-year-old son, going through |
| 00:34:24 | 21 | now with the COVID, trying to get him back in school. |
| 00:34:28 | 22 | And it's not, more or less, hurting me; it's hurting my |
| 00:34:32 | 23 | son while I could be getting myself together.  I'm never |
| 00:34:34 | 24 | running from you, Ms. Flanagan.  Detention, that's -- |
| 00:34:39 | 25 | that shouldn't -- I'm not a person that deserves |

00:34:41  1    detention.  And I respect everything.

00:34:44  2              Me and my P.O., we got good communication.

00:34:46  3    It's just that she got to do her job because that's what

00:34:49  4    the signal is telling her.

00:34:51  5              Which that's why I'm explaining to you now,

00:34:53  6    Ms. Flanagan, that I never violated.  I never -- I've

00:34:56  7    been in the house for a year and a half, you know, with

00:34:59  8    my wife and my family.  I'm just trying to take care of

00:35:02  9    my family the best way I can.  I can't do but so much

00:35:05  10   with the drive I have in my computer.

00:35:08  11              THE COURT:  Okay.

00:35:09  12              THE DEFENDANT:  But I never violated no

00:35:11  13   times.  And Ms. Cosme even talked to my counselor about

00:35:16  14   what was the problem.  We got that squared away the last

00:35:19  15   time with Mr. George, the other judge.

00:35:23  16              But I never violated; it's just that they

00:35:25  17   had the signal to the box in my house.  I wouldn't be

00:35:31  18   here today if I was trying to run.  I've never been late

00:35:34  19   to your courtroom.

00:35:35  20              And as you see on the paperwork, Ms.

00:35:37  21   Flanagan, it says "In my residence."  So I never left

00:35:40  22   my house never.  It says "Residence."  I never left.  If

00:35:51  23   I done something wrong, I understand, Judge Flanagan.

00:35:54  24   But it clearly says that I didn't violate because I was

00:35:57  25   in my residence.

27

| 00:36:06 | 1 | THE COURT:  All right.  So we have not only |
| 00:36:09 | 2 | the leaving the residence, but allowing the battery to |
| 00:36:13 | 3 | run low; tampering with the strap; not responding as you |
| 00:36:21 | 4 | had previously responded to the probation officer, it |
| 00:36:27 | 5 | appears, between January 3rd and at least January 5th -- |
| 00:36:33 | 6 | THE DEFENDANT:  Judge Flanagan -- |
| 00:36:33 | 7 | THE COURT:  -- and then the issues that Ms. |
| 00:36:36 | 8 | Lunsmann has brought to this Court's attention; coupled |
| 00:36:41 | 9 | with the fact that you now face a mandatory minimum on |
| 00:36:45 | 10 | at least one count of ten years.  And your attempt to |
| 00:36:50 | 11 | file what you call a Petition For a Great Writ of Habeas |
| 00:36:54 | 12 | Corpus where you assert that there should be a writ |
| 00:37:06 | 13 | directed to me and Edward McMahon; I'm not quite sure |
| 00:37:13 | 14 | what you're asking for here, but I can tell you this |
| 00:37:19 | 15 | filing that was witnessed by Mr. Shaw up in New York |
| 00:37:25 | 16 | doesn't have any force or effect.  What you've got to do |
| 00:37:30 | 17 | is focus on helping your lawyers help you at this trial. |
| 00:37:35 | 18 | THE DEFENDANT:  Yes, ma'am. |
| 00:37:35 | 19 | THE COURT:  And you're going to be in |
| 00:37:37 | 20 | custody.  So we're all going to know where you are.  And |
| 00:37:43 | 21 | we're going to take away the issues that have been |
| 00:37:47 | 22 | described here that, again, I find convince me that I |
| 00:37:52 | 23 | can't put together a set of release conditions that's |
| 00:37:56 | 24 | going to give the assurance that's necessary that you're |
| 00:38:00 | 25 | going to show up and observe in the interim the Court's |

28

```
00:38:05   1   admonitions.
00:38:07   2          I think you've really messed up here, sir,
00:38:12   3   despite what I told you before and what Judge Jones told
00:38:16   4   you.  And this is where we are.
00:38:21   5          So I'm done talking.  I thank you so much.
00:38:24   6   And we'll go ahead and look forward to moving this case
00:38:27   7   forward for trial.
00:38:29   8          And thank you, counsel.
00:38:31   9          MR. SUN:  Thank you, Your Honor.
          10          (Concluded at 11:36 a.m.)
          11                       - - -
          12          C E R T I F I C A T E
          13
          14      I certify that the foregoing is a correct transcript
          15   from the record of proceedings in the above-entitled
          16   matter.
          17
          18   /s/ Tracy L. McGurk_____           ___1/16/2022___
          19   Tracy L. McGurk, RMR, CRR                   Date
          20
          21
          22
          23
          24
          25
```